UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANN SUAREZ                                        CIVIL ACTION

VERSUS                                              NO. 06-9857

POWELL INSURANCE AGENCY, INC., ET AL.               SECTION B(3)

### ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand.  (Rec. Doc. No. 11).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED.**

### *BACKGROUND*

On August 28, 2006, Plaintiff filed suit against Defendant insurance agents asserting breach of contract and negligence claims for the alleged failure to procure adequate insurance, failure to advise, misrepresentation and bad faith.[1]  Defendants Powell Insurance Agency, Inc., Bennett E. Powell, and Linda Gurtner removed the matter to federal court asserting federal jurisdiction under the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, et seq.

Plaintiff contends the NFIA is not applicable as this case does not involve Standard Flood Insurance Policy claims. Therefore, Plaintiff moves the Court to remand for lack of jurisdiction.

---

[1]Petition For Damages, ¶¶ 5 and 6.

1

*DISCUSSION*

**1. Jurisdiction pursuant to the National Flood Insurance Act.**

Defendants contend Plaintiff's claim of negligence for the alleged failure to procure flood insurance should be governed by and preempted by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, et seq.

42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claims in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Original exclusive federal jurisdiction exists pursuant to the NFIA when claims arise out of the administration and claims handling of a national flood insurance policy.[2]  Furthermore, "state law tort claims arising from claims handling by a WYO are

---

[2] *See Columbo v. Allstate*, 2006 WL 3827529 (E.D. La. 2006) and *Newman v. Allstate*, 2006 WL 236116 (E.D. La. 2006).

preempted by federal law."[3]  However, "[c]laims against agents and insurers for negligent acts or misrepresentations in the procurement of WYO policies on behalf of the NFIP may be remanded to state court."[4]

Plaintiff's claims do not arise out of claims handling or the administration of a national flood insurance policy.  Plaintiff's claims against Defendants regarding the alleged negligence in the procurement of flood insurance are not sufficient to invoke jurisdiction pursuant to the NFIA.

New Orleans, Louisiana this 17th day of April, 2007.

_____
UNITED STATES DISTRICT COURT

---

[3] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390(5th Cir. 2005).

[4] *Newman v. Allstate*, 2006 WL 236116 (E.D. La. 2006)(citing *Wright v. Allstate ins. Co.*, 415 F.3d 384, 389 n.3 (5th Cir. 2005); *Sullivan v. State Farm & Casualty Co.*, 2006 WL 2119320 (E.D.La. 2006); and *Landry v. State Farm Fire & Casualty* , 428 F.Supp.2d 531 (E.D.La. 2006).